# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE B. RUCKER, | ) |
| | ) Civil Action No. 17 - 1258 |
| Petitioner, | ) |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

### A. Relevant Procedural Background

Petitioner Lance B. Rucker ("Petitioner") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 wherein he challenges his judgment of sentence entered by the Court of Common Pleas of Allegheny County on April 23, 2001. (ECF No. 1.)

The relevant procedural history for this case is as follows. On September 9, 1997, Petitioner was charged with one (1) count of Criminal Homicide at CP-02-CR-0011745-1997 (ECF No. 7-1), and at CP-02-CR-0012372-1997, Petitioner was charged with one (1) count each of Robbery, Violation of the Uniform Firearms Act: Firearms Not to Be Carried Without a License, Impersonating Public Servant, and Criminal Conspiracy (ECF No. 7-2).[1] Petitioner was

---

[1] The charges arose from the September 8, 1997 robbery and murder of Frank Ventrosco at his home in the City of Pittsburgh. Petitioner and two other men had gone to Mr. Ventrosco's house with the intent of stealing a large amount of marijuana and cocaine they believed was inside. As a ruse to gain entrance to the house, Petitioner banged on the door and announced to Mr.

1

ultimately convicted of Second Degree Murder, Robbery, Violation of the Uniform Firearms Act: Firearms Not to Be Carried Without a License, Impersonating Public Servant, and Criminal Conspiracy. On February 5, 1998, Petitioner was sentenced to life imprisonment without parole.

On appeal, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence in a Memorandum dated September 13, 1999. (ECF No. 7-4, pp.37-42.) However, on April 25, 2000, the Pennsylvania Supreme Court granted Petitioner a Petition for Allowance of Appeal, reversed his judgment of sentence, and awarded him a new trial. (ECF No. 7-8, pp.1-4); (ECF No. 8-2, pp.38-43); Commonwealth v. Rucker, 761 A.2d 541 (2000). After a new jury trial, Petitioner was again convicted of Second Degree Murder, Robbery, Violation of the Uniform Firearms Act: Firearms Not to Be Carried Without a License, Impersonating Public Servant, and Criminal Conspiracy. He was sentenced to life imprisonment on April 23, 2001. On appeal, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence in a Memorandum entered on August 20, 2002 (ECF No. 8-3, pp.18-23), and Petitioner did not file a Petition for Allowance of Appeal in the Pennsylvania Supreme Court.

Through counsel, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") on September 22, 2003. (ECF No. 8-4.) An Amended PCRA petition was filed on October 7, 2003 (ECF No. 8-5, pp.27-34), but it was dismissed on October 9, 2003 (ECF No. 8-5, p.44). In a Memorandum issued on May 10, 2005, the Pennsylvania Superior Court reversed the judgment of the PCRA court and remanded the case for a hearing. (ECF No. 8-8, pp.18-25.) On August 18, 2005, the PCRA court entered an Order finding that the PCRA petition was timely filed (ECF No. 9-1, p.1), and on October 11, 2005 reinstated Petitioner's

---

Ventrosco that he was a City of Pittsburgh Police Officer. Petitioner then pointed a gun at Mr. Ventrosco, and as Mr. Ventrosco held his hands in the air, Petitioner fired a fatal shot directly into his stomach.

right to file a Petition for Allowance of Appeal in the Pennsylvania Supreme Court (ECF No. 9-2, p.1). A Petition for Allowance of Appeal was filed by Petitioner on November 1, 2005 (ECF No. 9-3, pp.1-43), and it was subsequently denied on March 7, 2006 (ECF No. 9-3, p.44).

Another PCRA petition was filed by Petitioner through counsel on September 21, 2006 (ECF No. 9-4), which was dismissed by the PCRA court on November 1, 2006 (ECF No. 9-6, pp.34-43). On appeal, the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition in a Memorandum issued on January 8, 2008. (ECF No. 9-8, pp.37-40.) A Petition for Allowance of Appeal was filed on January 30, 2008 (ECF No. 10-1, pp.4-45), and it was denied by the Pennsylvania Supreme Court on September 12, 2008 (ECF No. 10-1, p.46).

Petitioner filed a *pro se* second PCRA petition on October 31, 2008 (ECF No. 10-2, pp.1-38), that was dismissed on December 22, 2008 (ECF No. 10-2, p.39). No appeal was filed.

Petitioner filed a *pro se* third PCRA petition on June 17, 2009 (ECF Nos. 10-3, 10-4), that was dismissed on July 7, 2009 (ECF No. 10-5, p.17). On appeal, the Pennsylvania Superior Court affirmed the dismissal of the PCRA petition in a Memorandum issued on August 13, 2010. (ECF No. 10-8, pp.28-30.) An application for reargument was filed and denied on October 22, 2010. (ECF No. 10-8, p.31.) Petitioner did not file a Petition for Allowance of Appeal.

On January 20, 2011, Petitioner filed a Petition for Writ of Habeas Corpus in this Court at Civil Action No. 11-82. The undersigned issued a Memorandum Opinion and Order on August 30, 2011, which dismissed the Petition as untimely and denied a Certificate of Appealability. (CA No. 11-82, ECF No. 20.) Petitioner filed a Motion for Reconsideration that was granted for the purpose of filing objections, but following reconsideration, the August 20, 2011 Memorandum Opinion and Order was reaffirmed. (CA No. 11-82, ECF Nos. 24, Text Order issued 12/16/11.) Petitioner's Application for a Certificate of Appealability was denied by the

Third Circuit Court of Appeals on March 9, 2012 (CA No. 11-82, ECF No. 30), and his request for rehearing *en banc* was denied on April 9, 2012 (3d Cir. No. 11-4617). Petitioner filed a Petition for Writ of Certiorari in the United States Supreme Court that was denied on October 1, 2012. (U.S. No. 11-10347.)

Petitioner returned to the state court and filed a *pro se* fourth PCRA petition on November 27, 2012. (ECF No. 11-1, pp.1-27.) That petition was dismissed on January 7, 2013. (ECF No. 11-1, pp.29-31.) The Pennsylvania Superior Court affirmed the dismissal of the PCRA petition in a Memorandum issued on October 2, 2013. (ECF No. 11-3, pp.18-21.) Petitioner's Petition for Allowance of Appeal (ECF No. 11-4, pp.1-27) was denied by the Pennsylvania Supreme Court on February 26, 2014 (ECF No. 11-4, p.29), and his application for reconsideration was denied on April 4, 2014 (ECF No. 11-5, p.26).

On May 22, 2014, Petitioner returned to this Court and filed a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) in Civil Action No. 11-82. (CA No. 11-82, ECF No. 32.) The undersigned issued an Order denying the Motion and a Certificate of Appealability on June 23, 2014. (CA No. 11-82, ECF No.35.) Petitioner did not file an appeal.

On September 14, 2015, Petitioner once again returned to state court and filed a *pro se* fifth PCRA petition (ECF No. 11-6) that was dismissed on July 13, 2016 (ECF No. 11-8, p.9). The Pennsylvania Superior Court affirmed the dismissal of PCRA relief in a Memorandum issued on April 7, 2017. (ECF No. 11-10, pp.24-30.) Petitioner's Petition for Allowance of Appeal (ECF No. 11-11, pp.1-31) was denied by the Pennsylvania Supreme Court on August 22, 2017 (ECF No. 11-11, p.33).

Petitioner has now returned to this Court and filed a new Petition for Writ of Habeas Corpus at the above assigned case number. Respondents filed an Answer to the Petition on November 15, 2017, and Petitioner filed two of what he titled Supplement Habeas Corpus Claims on March 12, 2018 and May 3, 2018. This matter is now ripe for review.

### B. Second or Successive Habeas Petitions

AEDPA mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). *See*, *e.g.*, Magwood v. Patterson, 561 U.S. 320 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). *See* U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. *See*, *e.g.*, Burton v. Stewart, 549 U.S. 147 (2007).

### C. Discussion

As noted above, this is Petitioner's second Petition for Writ of Habeas Corpus challenging his April 23, 2001 judgment of sentence of life imprisonment, his first one being filed a Civil Action No. 11-82 on January 20, 2011. Petitioner's request for a Certificate of Appealability was denied by the Third Circuit Court of Appeals and his request for a Writ of Certiorari was denied by the United States Supreme Court. To date, Petitioner has not filed an Application for Leave to File a Second or Successive Petition with the Third Circuit Court of Appeals. Thus, it

is clear that the instant Petition is an unauthorized petition over which this Court lacks jurisdiction.

Nevertheless, it appears that the only argument Petitioner makes is that his Robbery sentence was rendered illegal by Alleyne v. United States, 133 S. Ct. 2151 (2013), wherein the United States Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Id. at 2155. Alleyne was published on June 17, 2013, when Petitioner's fourth PCRA petition was pending on appeal before the Pennsylvania Superior Court, and he believes that Alleyne was a change in the law that is applicable to his case and renders his Robbery sentence illegal. Petitioner is incorrect.

It is well settled as a matter of federal law that Alleyne does not apply retroactively. *See, e.g.*, United States v. Reyes, 755 F.3d 210, 212-13 (3d Cir. 2014); Mamalis v. United States, No. CR RDB-09-0608, 2016 WL 1321268, at *7 (D. Md. Apr. 5, 2016) ("The United States Courts of Appeals for the Third, Fifth, Sixth, Seventh, Ninth, and Tenth Circuits have reached identical conclusions, *i.e.*, that Alleyne should not be applied retroactively."). Additionally, the Pennsylvania Supreme Court has held that Alleyne does not apply retroactively under Pennsylvania law. Commonwealth v. Washington, 142 A.3d 810, 820 (Pa. 2016). Consequently, this claim provides no basis for habeas relief.

Furthermore, the Pennsylvania Supreme Court has expressly rejected, as a matter of Pennsylvania law, that sentences imposed under statutes that have subsequently been rendered unconstitutional by a newly announced rule of law are illegal sentences or are *void ab initio*. *See* Washington, 142 A.3d at 814-15. It reasoned that if the statute at issue had been lawful at the time of a defendant's sentencing, a subsequent announced new rule of law that renders that

6

statute unconstitutional does not make the defendant's sentence illegal unless that new rule applies retroactively.  Id.  The Pennsylvania Supreme Court has authority under Danforth v. Minnesota, 552 U.S. 264 (2008), to rule that Alleyne be applied retroactively under Pennsylvania law, 552 U.S. at 275-81, but it has firmly chosen not to do so, Washington, 142 A.3d at 816-19; see also Commonwealth v. DiMatteo, 177 A.3d 182 (Pa. 2018).  Thus, as a matter of Pennsylvania law, Petitioner's sentence is not illegal and it is not *void ab initio*.

In Washington, the defendant received mandatory minimum sentences under 42 Pa. C.S.A. § 9712(a) (visibly possessing a firearm or replica).  142 A.3d at 811.  His judgment of sentence became final in 2006, and he filed a timely PCRA petition, which was denied.  Id. at 812.  While the defendant's appeal was pending, the United States Supreme Court issued Alleyne in 2013.  Id. at 812 (citing Alleyne, 133 S. Ct. at 2163).  The Pennsylvania Supreme Court, however, held that Alleyne did not apply retroactively to cases pending on collateral review, including the defendant's, and thus concluded that the defendant's 42 Pa. C.S.A. § 9712(a) mandatory minimum sentences were not illegal under Alleyne.  Washington, 142 .3d at 820.  However, the Pennsylvania Supreme Court has held that Washington does not bar a petitioner "serving an illegal sentence from relief when such relief is sought in a timely PCRA petition and the judgment of sentence was not final when Alleyne was announced."  DiMatteo, 177 A.3d at 191.  In so holding, the Pennsylvania Supreme Court specified that Washington's holding was limited to cases in which a PCRA petitioner's judgment of sentence was final prior to June 17, 2013, the date Alleyne was decided.  Id. at 192.

In this case, Petitioner's judgment of sentence became final on or about June 5, 2006, which was after the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court following the denial of his Petition for Allowance of Appeal

by the Pennsylvania Supreme Court on March 7, 2006. *See* Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court). This was over seven years prior to the date Alleyne was decided. Therefore, Alleyne does not afford Petitioner any basis for relief.

Because Petitioner challenges the same judgment of sentence that he challenged in his Petition filed in Civil Action No. 11-82, and he did not receive authorization from the Third Circuit to file the instant Petition, it will be dismissed for lack of jurisdiction.

### D. **Certificate of Appealability**

A Certificate of Appealability will be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would disagree that his habeas petition is an unauthorized second or successive petition. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). A separate order will issue.

Dated: May 24, 2018.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:  Lance B. Rucker
     DM-9093
     SCI Forest
     PO Box 945
     Marienville, PA  16239

Counsel for Respondents
(Via CM/ECF electronic mail)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LANCE B. RUCKER, | ) | |
| --- | --- | --- |
| | ) | Civil Action No. 17 - 1258 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) ) | |
| Respondents. | ) | |

## ORDER

**AND NOW**, this 24th day of May, 2018,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure

Lisa Pupo Lenihan
United States Magistrate Judge